◼ In the Matter of JANE D., Appellant, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Respondents. [595 NYS2d 813] —Proceeding pursuant to CPLR article 78 (1) to review a determination of the Commissioner of the New York State Department of Social Services, dated April 27, 1992, which, after a fair hearing, affirmed the determination of the respondent Commissioner of

the Westchester County Department of Social Services to remove a foster child from the petitioner's home, and (2) to vacate a determination of the respondent Commissioner of the Westchester County Department of Social Services, dated March 13, 1992, decertifying the petitioner's foster home.

Adjudged that the determinations are confirmed and the proceeding is dismissed on the merits, with one bill of costs.

Substantial evidence was presented at the fair hearing to support the determination that the local agency acted properly in removing the foster child from the petitioner's foster home (see, CPLR 7803 [4]; Social Services Law § 383 [2]; 18 NYCRR 443.5). The evidence adduced at the fair hearing revealed that the foster child was sexually acting out at her day care center, an indication that the foster child may have been sexually abused and that the petitioner had been neglectful in failing to prevent the abuse. Additionally, the petitioner had left the four-year-old child alone in a car without competent adult supervision on two occasions, and had failed to immediately report to the local agency that she had taken the child to the emergency room of a hospital for medical treatment, as required under the agreement that was executed between herself and the local agency.

We further reject the petitioner's contention that the local agency abused its discretion in revoking the petitioner's foster parent certification. Based on the findings against the petitioner of inadequate guardianship and lack of supervision, the local agency had cause to revoke the certificate (see, Social Services Law § 379; 18 NYCRR 444.7).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.